LOVE, J.,
DISSENTS AND ASSIGNS REASONS.
LI respectfully dissent from the majority- '
While probationers do possess a decreased expectation of privacy, they are not “subject to the unrestrained power of the authorities.” State v. Fields, 12-0674, p. 9 (La. App. 4 Cir. 6/19/13, 9), 120 So.3d 309, 317. “[A] search of the probationer may not be a subterfuge for a police investigation.” Id. “[A] probation officer may conduct a warrantless search of a probationer’s property when ‘the officer believes such a search is necessary in the performance of his duties, and must be reasonable in light of the total atmosphere in which it takes place.’ ” Id., quoting State v. Thomas, 96-2006, p. 2 (La. App. 4 Cir. 11/06/96), 683 So.2d 885, 886. This reasonableness is determined by examining “(1) the scope of the particular intrusion, (2) the manner in which it was conducted, (3) the justification for initiating it, and (4) the place in which it was conducted.” Thomas, 96-2006, p. 2, 683 So.2d at 886.
In the present matter, a residency verification was already conducted on the defendant by the sole probation officer assigned to her. However, a tip was received from another law enforcement agency alleging that defendant was involved in illegal narcotics sales. Consequently, probation and parole officers, not regularly assigned to monitor the defendant, conducted another residence check |2of the defendant’s home. Once in defendant’s bedroom, officers observed a burned marijuana cigarette in plain view, prompting a search. The officers found contraband in the kitchen. The U.S. Marshals, the ATF and the State Police discovered contraband on the porch.
The majority relies upon State v. Drane, 36,230 (La. App. 2 Cir. 9/18/02), 828 So.2d 107, for the premise that “such a tip likely; provided the state with the requisite level of cause to conduct a residence check, if not a full blown search of the home.” However, the search in Drane was based upon a “credible” tip coupled with the parolee’s positive drug test. Drane, 36,230, p. 7, 828 So.2d at 112. The Drane court also notes that the search was only conducted after the positive drug test and only by probation and parole officers. Id.
The veracity of the other law enforcement agency’s anonymous tip was not established. Further, there was no other corroboration present in this matter. In fact, the officer assigned to monitor the defendant testified that she previously completed a residence check on the defendant. Additionally, numerous agencies, including the U.S. Marshals, the ATF, and the State *531 Police, conducted the search. Under the facts and circumstances of this case, I do not find that the search was reasonable. As the trial court stated, “these officers were simply there in order to effect a warrant-less search on the behest or at the behest of outside agencies.” Likewise, the trial court found that “this was clearly not a residency check,” but was “a search, based on a tip.” Therefore, I would deny the writ.